UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CIV-60299-RAR

**SEVEN STARS ON THE HUDSON CORPORATION**,

    Appellant,

v.

**MDG POWERLINE HOLDINGS, LLC,** *et al.*,

    Appellees.

_____/

**ORDER GRANTING APPELLEE MDG POWERLINE'S
MOTION FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** comes before the Court upon Appellee MDG Powerline Holdings, LLC's ("MDG Powerline") Verified Motion for Attorneys' Fees and Costs ("Motion"), [ECF No. 55] at 41–135. Appellant Seven Stars on the Hudson Corporation's ("Seven Stars") response to MDG's Motion was due by November 1, 2023. *See* [ECF No. 55]. To date, no response has been filed.

To determine whether a party's requested attorneys' fees are reasonable, the Court must consider the following factors:

    1) the time and labor required;
    2) the novelty and difficulty of the questions;
    3) the skill requisite to perform the legal service properly;
    4) the preclusion of other employment by the attorney due to the acceptance of the case;
    5) the customary fee;
    6) whether the fee is fixed or contingent;
    7) time limitations imposed by the client or the circumstances;
    8) the amount involved and the results obtained;
    9) the experience, reputation and ability of the attorneys;
    10) the "undesirability" of the case;
    11) the nature and length of the professional relationship with the client; and
    12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

Additionally, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). "This amount is ordinarily referred to as the lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008) (citations and internal quotations omitted). The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988)).

With respect to the Motion's request for nontaxable costs, "Rule 54(d), and the presumption of costs allowed under the rule, ordinarily apply only to the costs that Congress defined as taxable under 28 U.S.C. § 1920." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)) (explaining that "§ 1920 defines the term 'costs' as used in Rule 54(d)"). In general, "[t]hese enumerated categories of taxable costs provided by § 1920 limit the discretion of federal courts to award costs under Rule 54(d)." *Id.* (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Services Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001)). Nonetheless, both the Supreme Court and the Eleventh Circuit have long recognized that contractual provisions can circumvent these restrictions on taxable costs. *Id.* (citing *Crawford Fitting*, 482 U.S. at 444; *Arcadian Fertilizer*, 249 F.3d at 1296).

Here, as MDG Powerline's Motion notes, the Lease contract between the parties contains broad language covering both taxable and nontaxable costs related to litigation arising out of the contract, in addition to attorneys' fees. [ECF No. 55] at 80. Indeed, the governing Lease between

the parties expressly states that the prevailing party shall be entitled "its reasonable expenses . . . including without limitation reasonable attorneys' fees . . . from the other party." *Id*. Thus, by its clear terms, the Lease allows a prevailing party, like MDG Powerline here, to recover all its "reasonable expenses," in addition to attorneys' fees. Accordingly, MDG Powerline is entitled to recover both its reasonable attorneys' fees and its reasonable costs in this action. *Yellow Pages Photos*, 846 F.3d at 1166.

Moreover, MDG Powerline is also entitled to recover its reasonable attorneys' fees under Fla. Stat. § 501.201 *et seq*., Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), which also includes a prevailing party attorneys' fees provision. *See* Fla. Stat. § 501.2105(1). Pursuant to that provision, a party that prevails on a FDUTPA claim is entitled to recover its attorneys' fees upon the "exhaustion of all appeals." Fla. Stat. § 501.2105(1); *see also Money v. Home Performance All., Inc.*, 313 So. 3d 783, 785 (Fla. 2d DCA 2021) ("FDUTPA's attorney's fees provision applies so long as the legal action is filed pursuant to FDUTPA, irrespective of its success"); *Humane Soc. of Broward Cnty., Inc. v. Fla. Humane Soc.*, 951 So. 2d 966, 969 (Fla. 4th DCA 2007) (explaining "the legislature gave trial courts the discretion to award prevailing party attorney fees [under FDUTPA] to both plaintiffs and defendants under the same standards"). Because MDG Powerline is a prevailing party and all appeals have been exhausted, MDG Powerline is entitled to recover its reasonable attorneys' fees under Fla. Stat. § 501.2105(1).

As to the reasonableness of attorneys' fees requested here, the Court has carefully reviewed the Declaration of Scott A. Hiaasen in Support of MDG Powerline's Motion, [ECF No. 55] at 119–121, as well as the accompanying exhibits substantiating the Motion. *Id*. at 122–135. Considering both the *Farley* factors and the lodestar amount, the Court finds MDG Powerline's requested attorneys' fees to be reasonable.

Accordingly, the Court having reviewed the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. MDG Powerline's Verified Motion for Attorneys' Fees and Costs, [ECF No. 55] at 41-135, is **GRANTED**.

2. MDG Powerline is awarded $40,197.50 in reasonable attorneys' fees as the prevailing party in the appeal of this action and $5,185.98 in nontaxable costs.

3. The Court will enter a separate final order awarding appellate attorneys' fees and costs.

**DONE AND ORDERED** in Miami, Florida, this 17th day of November, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**