UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CIV-60299-RAR

**SEVEN STARS ON THE HUDSON CORPORATION**,

    Appellant,

v.

**MDG POWERLINE HOLDINGS, LLC,** *et al.*,

    Appellees.
_____/

## ORDER GRANTING APPELLEE XBK MANAGEMENT'S MOTION FOR ATTORNEYS' FEES

**THIS CAUSE** comes before the Court upon Appellee XBK Management, LLC, d/b/a Xtreme Action Park's ("XBK") Motion for Recovery of Attorneys' Fees on Appeal and Supporting Memorandum of Law ("Motion"), [ECF No. 55] at 3–40. Appellant Seven Stars on the Hudson Corporation's ("Seven Stars") response to XBK's Motion was due by November 1, 2023. *See* [ECF No. 55]. To date, no response has been filed.

To determine whether a party's requested attorneys' fees are reasonable, the Court must consider the following factors:

    1) the time and labor required;
    2) the novelty and difficulty of the questions;
    3) the skill requisite to perform the legal service properly;
    4) the preclusion of other employment by the attorney due to the acceptance of the case;
    5) the customary fee;
    6) whether the fee is fixed or contingent;
    7) time limitations imposed by the client or the circumstances;
    8) the amount involved and the results obtained;
    9) the experience, reputation and ability of the attorneys;
    10) the "undesirability" of the case;
    11) the nature and length of the professional relationship with the client; and
    12) awards in similar cases.

*Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340 n.7 (11th Cir. 1999) (citation omitted).

Additionally, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). "This amount is ordinarily referred to as the lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008) (citations and internal quotations omitted). The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1303 (11th Cir.1988)).

AS XBK's Motion notes, [ECF No. 55] at 7–8, XBK is entitled to recover its reasonable attorneys' fees under Fla. Stat.§ 501.201 *et seq.*, Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), which also includes a prevailing party attorneys' fees provision. *See* Fla. Stat. § 501.2105(1). Pursuant to that provision, a party that prevails on a FDUTPA claim is entitled to recover its attorneys' fees upon the "exhaustion of all appeals." Fla. Stat. § 501.2105(1); *see also Money v. Home Performance All., Inc.*, 313 So. 3d 783, 785 (Fla. 2d DCA 2021) ("FDUTPA's attorney's fees provision applies so long as the legal action is filed pursuant to FDUTPA, irrespective of its success"); *Humane Soc. of Broward Cnty., Inc. v. Fla. Humane Soc.*, 951 So. 2d 966, 969 (Fla. 4th DCA 2007) (explaining "the legislature gave trial courts the discretion to award prevailing party attorney fees [under FDUTPA] to both plaintiffs and defendants under the same standards"). Because XBK was a prevailing party, and all appeals have been exhausted, XBK is entitled to recover its reasonable attorneys' fees under Fla. Stat. § 501.2105(1).

Moreover, the Court has carefully reviewed the Affidavit of Kai E. Jacobs in Support of XBK's Motion, [ECF No. 55] at 30–36, as well as the accompanying exhibits substantiating the

Motion. *Id*. at 17–40. Considering both the *Farley* factors and the lodestar amount, the Court finds XBK's requested attorneys' fees to be reasonable.

Accordingly, the Court having reviewed the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. XBK's Motion for Recovery of Attorneys' Fees, [ECF No. 55] at 3–40, is **GRANTED**.

2. XBK is awarded $18,220.00 in reasonable attorneys' fees as the prevailing party in the appeal of this action.

3. The Court will enter a separate final order awarding appellate attorneys' fees.

**DONE AND ORDERED** in Miami, Florida, this 17th day of November, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**